```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               Civil No. 07-1901(DSD/JJG)
```

Ben and Sophie Reuben and
MetLife Auto & Home
Insurance Co.,

      Plaintiffs,

v.                                           **ORDER**

Invensys, Inc.,

      Defendant.

 

This matter is before the court upon defendant's motion to exclude testimony of plaintiff's experts pursuant to Federal Rule of Evidence 702. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendant's motion.

Rule 702 allows expert testimony if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Further, (1) the testimony must be based upon sufficient facts or data, (2) the testimony must be the product of reliable principles and methods and (3) the expert must apply the principles and methods reliably to the facts. Id. A court will exclude an expert's opinion "only if it is so fundamentally unsupported that it can offer no assistance to the jury." Wood v. Minn. Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

In this case, plaintiffs retained Paul Gramman, Ph.D., as a plastics expert to examine the water inlet valve and offer an opinion as to why the valve failed. After a visual inspection of the valve, Gramman issued a report concluding that improper welding during manufacturing caused the valve to fail. (Shillingstad Aff. Ex. A.) Gramman later issued a supplemental report with Bruce Davis, Ph.D. (Id. Ex. C.) Based upon a nondestructive visual examination of the cracked water inlet valve, a review of all documents produced in this litigation and consultation of various professional references, the supplemental report concluded that the valve failure resulted from improper spin welding during manufacturing.

Defendant does not challenge Gramman's and Davis's qualifications as experts. Rather, defendant argues that their investigation was too limited in scope and failed to exclude other potential causes for the valve failure, such as high water pressure caused by frozen water lines. Defendant further argues that Gramman and Davis should have expanded the scope of their investigation to determine the amount of water pressure the valve could withstand and to identify the date on which the valve fracture occurred. Such arguments, however, address the proper weight to be given the expert testimony and reports - a jury question - rather than the reliability of the methods employed by the experts. After reviewing the expert reports, the court

determines that Gramman and Davis have satisfied Rule 702. Therefore, **IT IS HEREBY ORDERED** that defendant's motion is denied.

Dated:   September 22, 2008

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court